**FILED**
**Dec 10, 2020**
**09:51 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| SHANIKA BARBARY-SMITH, | ) | |
| Employee, | ) | Docket No. 2019-06-2228 |
| v. | ) | |
| | ) | |
| HENDRICKSON USA, LLC, | ) | State File No. 95131-2019 |
| Employer, | ) | |
| and | ) | |
| | ) | Judge Joshua Davis Baker |
| INDEMNITY INSURANCE | ) | |
| COMPANY OF NORTH | ) | |
| AMERICA, | ) | |
| Carrier. | | |

_____

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

_____

This case came before the Court on Ms. Barbary-Smith's request for an expedited hearing based on a review of the record without an evidentiary hearing. The Court gave the parties until December 8, 2020, to file position statements and object to the admissibility of documents.

Ms. Barbary-Smith allegedly sustained work-related bilateral carpal tunnel syndrome. She requested temporary disability and medical benefits, and reimbursement of unauthorized medical expenses. Based on insufficient proof of medical causation, the Court holds she is unlikely to prove at a final hearing that her carpal tunnel syndrome is work-related and denies benefits at this time.

## History

Ms. Barbary-Smith worked at Hendrickson for eight years. She stated in her affidavit that she developed pain in both hands in July 2019 from repetitive work. She described her job duties as:

Assembling cam tubes with plates and screws to be assembled into box with air powered torque gun. Cleaning air disc brakes and installing and screwing down parts for ac valves. Putting caps in the end of suspension with air powered gun and pounding suspension into box. Installing small rubber grommet into small holes.

To alleviate her pain, she "started to wear a compression glove" that Hendrickson provided, but "it was just a quick fix." By September 2019, her pain became "so intense" that she requested medical treatment from Hendrickson. It provided her a panel, and she chose Dr. Robert Kasper.

Although Dr. Kasper's initial medical record is not in evidence, Hendrickson's Human Resources Director, Stephanie Mayfield, questioned Ms. Barbary-Smith's description of her job duties to Dr. Kasper in that initial record. So, she asked the claim's adjuster to draft a questionnaire seeking Dr. Kasper's causation opinion.

The questionnaire asked Dr. Kasper to assume some facts before responding. These included assertions that Ms. Barbary-Smith: began having symptoms months before reporting them to her supervisor; missed a significant amount of work before her injury; and used torqueing tools less frequently than she reported to the doctor. In response, Dr. Kasper said "no" when asked if Ms. Barbary-Smith's employment "contributed more than fifty percent (50%) in causing the injury/condition, considering all causes."

After receiving Dr. Kasper's response, Hendrickson denied the claim, which led to Ms. Barbary-Smith obtaining unauthorized treatment from Dr. William DeVries. In an initial record, Dr. DeVries wrote that she reported "about a 4-year history of numbness involving her hands" that "began at work." Ultimately, Dr. DeVries performed surgery on Ms. Barbary-Smith's right hand and suggested she would need surgery for her left hand also.

**Findings of Fact and Conclusions of Law**

Ms. Barbary-Smith need only present sufficient evidence at this stage that she is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

To prevail at a final hearing, Ms. Barbary-Smith must prove she suffered a work injury. In Workers' Compensation Law, a work injury is caused by a specific incident or set of incidents arising "primarily out of and in the course and scope of employment," which means the employment contributed more than fifty percent in causing the injury, considering all causes. Tenn. Code Ann. § 50-6-102(14)(A)-(B). An employee must prove

2

a work injury "to a reasonable degree of medical certainty," which requires a physician's opinion that it is "more likely than not, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C)-(D).

Here, Ms. Barbary-Smith alleged that her repetitive work at Hendrickson over many years contributed to her bilateral carpal tunnel injury. She described job duties that could conceivably cause damage to hands, wrists, or arms over time.

However, an "employee must present expert medical proof that the alleged injury is causally related to the employment when the case is not "obvious, simple [or] routine."" *Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *11 (May 18, 2017). While lay testimony is helpful, it is insufficient to prove causation without expert medical evidence. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Aug. 18, 2015) ("Employee's lay testimony in this case, without corroborative expert testimony, did not constitute adequate evidence of medical causation.").

The cause of carpal tunnel syndrome is not obvious, simple, or routine. Thus, the Court needs an expert medical opinion to decide whether Ms. Barbary-Smith is likely to prove at a final hearing in proving that her carpal tunnel is work-related. Hendrickson provided Dr. Kasper's opinion that her carpal tunnel syndrome did not arise primarily from her employment, and his opinion is presumed correct. *See* Tenn. Code Ann. § 50-6-102(14)(E).

In contrast, Dr. DeVries recorded her complaints and assumptions, but he did not provide a causation opinion to rebut Dr. Kasper's. Without additional expert medical evidence, the Court cannot find that Ms. Barbary-Smith is likely to prove her injury arose primarily out of her employment.

**IT IS ORDERED** as follows:

1. The Court denies Ms. Barbary-Smith's request for benefits at this time.

2. The Court sets **a scheduling hearing on Monday, February 8, 2021, at 10:30 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED December 10, 2020.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

3

## APPENDIX

1. Request for Expedited Hearing and Affidavit of Ms. Barbary-Smith
2. Dispute Certification Notice
3. Petition for Benefit Determination
4. Medical Records
5. Questionnaire from Sedgewick CMS signed by Dr. Robert E. Kasper
6. Affidavit of Teresa Wilson
7. Affidavit of Stephanie Mayfield

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on December 10, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Shanika Barbary-Smith, Self-represented employee | | | X | Sbarbary31@gmail.com |
| Blakeley D. Matthews, Employer's Attorney | | | X | bdmatthews@cclawtn.com japayne@cclawtn.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*